UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-23935-GAYLES

**RUTHIE AGRAVANTE and
NAPOLEON AGRAVANTE,**
             **Plaintiffs,**

     v.

**JOSEPH PATRICK HAWKER and
MJ TRANSPORTATION, INC.,**
             **Defendants.**
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Plaintiffs Ruthie Agravante and Napoleon Agravante's Motion to Remand [ECF No. 5]. The Court has reviewed the briefing, the record in this case, and the applicable law, and is otherwise fully advised in the premises.

**I.    BACKGROUND**

This lawsuit arises from a motor vehicle accident that occurred on August 13, 2014, in which a tractor trailer owned by Defendant MJ Transportation, Inc. ("MJT"), and operated by Defendant Joseph Patrick Hawker collided with the vehicle operated by Plaintiff Ruthie Agravante while traveling on State Route 826 in Miami-Dade County, Florida. *See* Compl. ¶¶ 10-14. Mrs. Agravante, together with her husband Napoleon Agravante, filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on June 3, 2016, alleging negligence, vicarious liability, and loss of consortium. In describing Mrs. Agravante's injuries in their negligence claim against Hawker (Count I), the Plaintiffs alleged the following:

> As a direct and proximate result of HAWKER's negligence, RUTHIE AGRAVANTE was caused to sustain severe, continuing and permanent injuries, including significant loss of important bodily function, and/or permanent injury within a reasonable degree of medical probability, and/or significant and permanent scarring and disfig-

urement, and has in the past and will in the future suffer from the effects of said injuries, including pain and suffering, humiliation, embarrassment, loss of capacity for the enjoyment of life, and has been and will be caused in the future to incur expenses in the care and treatment of said injuries, has activated or aggravated certain pre-existing conditions, and has in the past and will in the future experience loss of earnings and earning capacity.

*Id.* ¶ 15; *see also id.* ¶¶ 20, 25 (alleging same under Counts II and III, respectively). And in the damages clauses under each count, the Plaintiffs alleged that they seek "compensatory damages in excess of the minimum jurisdictional limits of this Court, to wit: Fifteen Thousand Dollars ($15,000), exclusive of interest and costs." *Id.* at 3-4; *see also* 5-7 (alleging same under Counts II, III, and IV). The Plaintiffs served the Defendants with the Complaint on June 11, 2016.

On August 23, 2016, Mrs. Agravante served Answers to Defendants' Interrogatories. In those answers, she claimed that she incurred $122,579.82 in medical expenses to date and that her "lost earning capacity claim is approximately $100,000." Notice of Removal [ECF No. 1] ("Notice") ¶ 4; *see also* Notice Ex. D. Based on these answers, on September 14, 2016, the Defendants filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, removing the action to this Court. The Defendants invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332 because the parties are diverse (the Plaintiffs are citizens of Florida, Hawker is a citizen of Kansas, and MJT is a Kansas corporation with its principal place of business in Kansas) and the amount in controversy—gleaned from Mrs. Agravante's interrogatory answers—exceeds $75,000.

The Plaintiffs filed the instant motion to remand on the same date the Defendants removed the case. They argue that the Defendants' removal is untimely because the case was removable at the time the Plaintiffs served their Complaint.

## II.    LEGAL STANDARD

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove a civil case filed in state court to federal court if, *inter alia*, the federal court has diversity jurisdiction

2

under 28 U.S.C. § 1332. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a).

The procedure for a motion to remand is governed by 28 U.S.C. § 1447(c). If a plaintiff seeks to remand the case on the basis of any defect other than a lack of subject matter jurisdiction (which, of course, may be raised at any time), she must file a motion within thirty days after the filing of the notice of removal. And "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court considering a motion to remand "has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007) (footnote omitted). If that evidence is insufficient to establish removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's filings." *Id.* at 1214-15. However, "the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). The Court is required to construe the removal statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting a defendant's right to proceed in federal court as it is in permitting a state court to retain its jurisdiction, *Pretka*, 608 F.3d at 766.

### III.    DISCUSSION

The Plaintiffs argue that the Defendants' removal was untimely because the allegations in the Complaint sufficiently established that the amount in controversy was satisfied. Section 1446(b)(1) of Title 28 governs when a case is removable at the outset:

> The notice of removal of a civil action or proceeding shall be filed within 30 days

> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The initial pleading in this action stated only that the amount in controversy exceeded $15,000, which does not itself make the action removable. The Plaintiffs argue, however, that the allegations "arising out of a high-speed accident involving a tractor trailer on SR 826, where permanent injuries, disfigurement, scarring, loss of consortium, lost wages, lost earning capacity, aggravation of preexisting injuries, and pain and suffering are pled clearly seek damages in excess of $75,000." Pl.'s Mot. at 3.

The Court disagrees. While the Eleventh Circuit has recognized that "judicial experience and common sense" may support "reasonable inferences" drawn "from the pleadings" to determine whether "the case stated in [the] complaint meets federal jurisdictional requirements, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010), "nothing . . . permits [a] court to indulge in speculation or fill empty gaps in a plaintiff's factual averments with unfounded assumptions about what the evidence may show," *Goldstein v. GFS Mkt. Realty Four, LLC*, No. 16-60956, 2016 WL 5215024, at *6 (S.D. Fla. Sept. 21, 2016) (citation omitted). As this Court very recently explained:

> "[W]ithout facts or specific allegations," the amount in controversy, as stated in the Complaint, can be determined "only through speculation—and that is impermissible." *Pretka*, 608 F.3d at 753-54. There are no allegations regarding the severity of the injuries that could have formed the basis of a reasonable deduction, inference, or extrapolation by this Court. Instead, Goldstein alleged a "generic scattershot list of unspecified damages." *Robinson v. Peck*, No. 14-1628, 2014 WL 5857235, at *4 (N.D. Ga. Nov. 12, 2014). A finding that the value of [the Plaintiffs'] claim exceeded $75,000 from the outset, based only on [their] sparse, conclusory, and inexact allegations, would be the result of "unabashed guesswork," *Lowery*, 483 F.3d at 1211, and could open the door to a flood of improper removals from defendants in future suits, filed out of fear of the loss of their statutory right to be heard in federal court. The Court will not engage in such speculation and, consequently, finds that the allegations in the Complaint did not render this case removable at

4

the outset under Section 1446(b)(1).

*Goldstein*, 2016 WL 5215024, at *7 (footnotes omitted). Based on this reasoning, as well as the reasoning of courts addressing motions to remand in motor vehicle accident cases under similar circumstances, *see, e.g.*, *Stephenson v. Amica Mut. Ins. Co.*, 14-0978, 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014); *Philipps v. Trans Am Trucking*, No. 10-1924, 2010 WL 5262737 (M.D. Fla. Dec. 17, 2010); *McAndrew v. Nolen*, 08-0294, 2009 WL 259735 (N.D. Fla. Feb. 4, 2009), the Court concludes that this case was not removable until August 23, 2016, when the Plaintiffs clearly indicated that the value of their claims exceeded $75,000. Therefore, the Defendants' timely filed their Notice of Removal. The Court has reviewed the Plaintiffs' other arguments and concludes that they are without merit.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Remand [ECF No. 5] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of October, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE